**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **KENT FORD,** individually and on behalf of all others similarly situated, *Plaintiff,* §§§§§§ | |
| **V.** §§ | **Civil Action No.  2:25-CV-982** |
| **TIMOTHY WISEMAN**, individually; §§§ | **JURY TRIAL DEMANDED** |
| **WISEMAN MINISTRIES INC.,** d/b/a Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, and Gifts of Grace Resale Store; §§§§§ | |
| **WISEMAN TRANSPORT LLC**, and §§§§ | |
| **JOHN DOES 1–10**, *Defendants* §§ | |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Kent Ford, individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges the following for his Complaint against Defendants:

### I.  PARTIES

1.      Plaintiff Kent Ford is a Texas resident who was ordered by a Harrison County court to participate in and complete the Isaiah 58 Farms recovery program as a condition of probation. While at Isaiah 58 Farms, from November of 2024 until July of 2025, he was required to perform farm, wood-products mill, and labor without lawful pay. He consents to sue under 29 U.S.C. § 216(b).

2.      Defendant Timothy Wiseman, is a Texas resident who owns and operates Wiseman Ministries, Inc., Wiseman Transport, LLC, and other related entities, and may be served at 210 S. Green Street, Longview, Texas 75601.

1

3.　　Defendant Wiseman Ministries Inc. is a Texas nonprofit corporation, with its principal place of business located at P.O. Box 1207, Longview, Texas 75606-1207, that operates recovery programs under various assumed names, including but not limited to Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Shavings, Wiseman Lighthouse, Inspiration House, and Gifts of Grace Resale Store, and may be served through its registered agent, Timothy Wiseman, at 210 S. Green Street, Longview, Texas 75601.

4.　　Defendant Wiseman Transport LLC is a Texas for-profit limited liability company, with its principal place of business located at 905 US 79, Henderson, Texas 75652, that manufactures, sales, and distributes products through the recovery programs of Wiseman Ministries Inc., and may be served through its registered agent, Timothy Wiseman, at 905 US 79, Henderson, Texas 75652.

5.　　Defendants John Does 1–10 are individuals or entities whose identities are currently unknown but who exercised control over participants or shared in revenues.

## II.  INTRODUCTION

6.　　Plaintiff Kent Ford brings this hybrid collective and class action to remedy Defendants' systemic violations of federal and Texas wage-and-hour laws, unlawful confiscation of benefits, misrepresentations regarding program services, and retaliation against participants who questioned or opposed these practices.

7.　　Defendant Timothy Wiseman is the owner and governing person of Defendant Wiseman Ministries Inc., and Defendant Wiseman Transport LLC, and exercises operational control over Defendants' labor practices, including the work assignment of program participants,

the implementation of a points payment system, and the compelled pooling of SNAP benefits at program facilities.

8.      Defendant Wiseman Ministries, Inc. operates "faith-based recovery programs" under its various assumed names, including but not limited to Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Shavings, Wiseman Lighthouse, Inspiration House, and Gifts of Grace Resale Store, which in reality supply a captive labor force to Wiseman-controlled nonprofit and for-profit enterprises.

9.      Defendants, collectively and individually, were the primary beneficiaries of the relationship between them and Plaintiffs.  From knowledge acquired from publicly available data, yearly incomes of the varies Defendant entities exceeded several millions of dollars.

10.     Program participants, like Plaintiff Ford, routinely work forty (40) or more hours per week at various commercial facilities, including a farm and wood products mill at Isaiah 58 Farms in De Berry, Texas, as well as wood-products mills at Panel Truss and Good Springs Wood Products, both located in Henderson, Texas.  Participants enrolled in Wiseman programs were also assigned to staff the Gifts of Grace Resale Stores in Longview, Texas and the Soapy King car wash in Henderson, Texas, both businesses tied to Defendant Timothy Wiseman, where they are subjected to the same unlawful practices, including uncompensated labor and the confiscation of tips. All participants were subject to the same "organization-wide policies and procedures" regardless of which actual location they were assigned work duties. Despite this full-time labor, participants receive only nominal "points" or credits instead of being paid lawful wages for their work.

11.     At Isaiah 58 Farms, Defendants require or coerce participants to surrender, pool, or otherwise relinquish their SNAP benefits for alleged program use. Participants enrolled in other

Wiseman programs, including but not limited to House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Lighthouse, and Inspiration House, are subjected to the same practices.  In reality, SNAP benefits were ultimately confiscated for the personal benefit of Defendants and/or senior program participants.

12.    Defendants profit through commercial farming, wood-products mill operations, product sales and distribution, and other services, all of which are powered by participant labor under common management and control.

13.    When participants complain, or are suspected of complaining, Defendants retaliate by fabricating disciplinary reports and false accusations sent to probation officers and county pre-trial caseworkers to trigger probation or bond violations and incarceration.

14.    Plaintiff brings claims as:

   a.    an opt-in collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and

   b.    opt-out Rule 23 class actions for Texas statutory and common-law claims.

## III. JURISDICTION AND VENUE

15.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the federal claims.

16.    Venue is proper in this Court and in the Marshall Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Harrison County, Texas, which lies within the Marshall Division of the Eastern District of Texas. Plaintiff Kent Ford was ordered by a Harrison County court to participate in and complete the

Isaiah 58 Farms recovery program as a condition of probation in his criminal case. During his participation at Isaiah 58 Farms, Plaintiff Ford performed uncompensated farm, wood-products mill, and labor under Defendants' unlawful labor practices. Numerous other participants are similarly placed into Defendants' programs by Harrison County courts as conditions of probation, and many program participants are homeless or discharged mental health patients residing in Harrison County. Potential witnesses, including participants, staff, and probation officials, are located in or around Harrison County. These facts make the Marshall Division the most appropriate and convenient venue for this action.

### IV. ENTERPRISE / JOINT EMPLOYER ALLEGATIONS

17.     Defendants jointly operate as an integrated enterprise and/or joint employers within the meaning of the FLSA, 29 U.S.C. § 203(d), (r), and (s).

18.     Defendant Wiseman Ministries, Inc., through its assumed names, including but not limited to Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Shavings, Gifts of Grace Resale Stores, Wiseman Lighthouse, and Inspiration House supplies program participants as a labor force to both its nonprofit operations and to for-profit entities owned or controlled by Defendant Timothy Wiseman as well as outside third parties.

19.     Defendant Timothy Wiseman is the governing person of Wiseman Ministries, Inc. and a controlling owner of Wiseman Transport, LLC. He exercises operational control over the day-to-day functions of these entities, including labor assignments, pay practices, discipline of participants, and the diversion of SNAP benefits. Wiseman and/or Wiseman Ministries also owns and controls other for-profit business outlets, including the Soapy King car wash in Henderson,

Texas where participants from Wiseman programs are assigned to work under the same unlawful practices alleged herein.

20.    Defendants share a common business purpose of generating revenue through the use of uncompensated or undercompensated participant labor. They share ownership, management, and control of labor relations, and they are operationally interdependent.

21.    Defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s). Defendants' annual gross volume of sales made or business done exceeds $500,000.

22.    At all relevant times, Defendants have had employees who handle goods or materials that have moved in or were produced for commerce, including but not limited to lumber, vehicles, equipment, fuel, tools, supplies, tobacco, bulk food, and other items used in Defendants' business operations.

## V.  FACTUAL ALLEGATIONS

23.    Defendant Timothy Wiseman exercises operational control over all Defendants' labor practices. He directs program operations, assigns participants to worksites, enforces the point-based "pay" system, authorizes or allows the confiscation of cash tips at affiliated businesses, compels the pooling of SNAP benefits at program facilities, and directs or condones retaliatory discipline leading to incarceration or homelessness.

24.    The demographics of Wiseman Ministries program participants is made up of probationers, like Plaintiff Ford, addicts of drugs and alcohol, and  many homeless individuals or discharged mental health patients from all over the United States.  Defendants recruit and accept these vulnerable individuals into the program via numerous channels consisting of mental health

6

facilities, homeless placement entities, justice systems.  Participants are required to perform uncompensated labor under the same unlawful practices described herein.

25.    Isaiah 58 Farms is a recovery program in De Berry, Texas that publicly advertises itself as a blackberry farm. In reality, it also operated a panel truss plant and then later converted to a wood products mill whose products are transported and sold through Wiseman Transport, LLC and other third parties.  All farm, plant and mill labor is performed by program participants, including probationers from Harrison and surrounding counties such as Plaintiff Ford.

26.    Participants enrolled in Wiseman Ministries' House of Disciples program in Longview, Texas are assigned to various roles at any Wiseman-controlled facility.  For example, participants are assigned to staff the Gifts of Grace Resale Stores, where they perform retail work including stocking, cleaning, customer service, and handling donated goods. Additionally, one particular assignment was picking up litter under a contract between Wiseman Ministries and the City of Longview that had been in existence since 2017 but was not renewed in September 2025. This contract specifically referenced the City's desire for homeless and low-income persons to be able to earn income through "gainful employment" which was ultimately converted by Defendants. These participants are subjected to the same unlawful pay practices alleged herein, receiving only nominal "points" or credits instead of lawful wages as well as the confiscation of any cash tips received before participants are permitted to leave their shifts.

27.    Participants enrolled in Wiseman Life Recovery are also assigned to various roles at any Wiseman-controlled facility.  These include, but are not limited to staffing the car wash in Henderson, Texas commonly known as Soapy King, Wiseman Shavings, and Good-Springs Wood Product, Inc., both operating wood-product mills in Henderson, Texas. These participants are subjected to the same point-based pay system and uncompensated work as participants at Isaiah

58 Farms, and tips earned at the car wash are confiscated before participants are permitted to leave their shifts.

28.     Participants enrolled in Wiseman Life Recovery-Mission Carthage are also assigned to various roles at any Wiseman-controlled facility.  These include but are not limited to staffing the Gifts of Grace Resale Store in Carthage, Texas, where they perform retail work including stocking, cleaning, customer service, and handling donated goods. These participants are subjected to the same point-based pay system and uncompensated work as participants at Isaiah 58 Farms, and tips earned at the Gifts of Grace Resale Store are confiscated before participants are permitted to leave their shifts.

29.     Participants enrolled in Wiseman Lighthouse in Overton, Texas are also assigned to various roles at any Wiseman-controlled facility.  These include but are not limited to staffing staffing the car wash in Henderson, Texas commonly known as Soapy King. These participants are subjected to the same point-based pay system and uncompensated work as participants at Isaiah 58 Farms, and tips earned at the car wash are confiscated before participants are permitted to leave their shifts.

30.     Participants enrolled in Inspiration House are also assigned to various roles at any Wiseman-controlled facility.  These include but are not limited to staffing the Gifts of Grace Resale Store in Longview, Texas, where they perform retail work including stocking, cleaning, customer service, and handling donated goods. These participants are subjected to the same point-based pay system and uncompensated work as participants at Isaiah 58 Farms, and tips earned at the Gifts of Grace Resale Store are confiscated before participants are permitted to leave their shifts.

31.     Program participants across these facilities routinely work forty (40) or more hours per week. Rather than being paid lawful wages for this work, participants receive only nominal

"points" or credits, typically valued by Defendants at approximately one dollar ($1.00) per hour or day, and they are not paid overtime compensation for hours worked over forty (40) in a week.

32.    Participants may use points during the program within Defendants' closed economy, including for the purchase of tobacco products, lighters, energy drinks, sodas, candy bars, and ramen sold in "stores" at the various Wiseman-controlled facilities. However, participants may only receive actual cash payment for the points they accrue if they "successfully complete" the program, which is determined at the sole discretion of Defendant Timothy Wiseman or his agents. Even when points are redeemed for cash upon completion, Defendant Timothy Wiseman, or his agents, must approve what the money can be used to purchase.

33.    The turnover rate for participants is extremely high. At any given time, Isaiah 58 Farms maintains approximately forty (40) or more participants working on the farm and in the sawmill. On average each week, approximately five (5) participants leave or are removed from the program and are promptly replaced with new participants, ensuring a continuous flow of unpaid labor.

34.    At Wiseman-controlled program facilities including but not limited to Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Lighthouse, and Inspiration House, Defendants require participants to surrender, pool, or otherwise relinquish their SNAP benefits or EBT cards for program-controlled use and the personal use of Defendant Wiseman and his associates.

35.    When SNAP applications are completed at any Wiseman-controlled program facility, Defendants include statements such as "In Kind Labor" and represent that Wiseman pays for one (1) meal per week while participants must pay for the remainder of their meals.

36.    Of the average $292 in monthly SNAP benefits awarded to participants, approximately ninety (90) percent is diverted by Wiseman to allegedly purchase food for communal meals when in reality the bulk of food used for communal meals comes in the form of donations from area food banks, grocery stores, and food processors.  The diverted SNAP benefits are actually used for the benefit of Wiseman and his close associates. The remaining benefits, if any, may be used by participants themselves, but any unused balance is seized by Wiseman.

37.    Defendants exercise strict control over participants through mandatory intake procedures, blackout periods, required classes, work assignments,  room and board restrictions, random searches, threats of expulsion, restricted contact with family and friends, and surrender of personal property such as phones, wallets, social security cards, identification cards, and vehicles.

38.    Expulsion or fabricated reports expose participants to probation or bond violations and incarceration, and homelessness for others. Defendants use false accusations or manufacture program "violations" to retaliate against participants who complain about wages, hours, or conditions, or who are suspected of doing so.  For example, after a sawmill accident in which a program participant lost his leg, Defendants attempted to force Plaintiff Ford to sign a statement falsely claiming that the other program participant's conduct, and not Defendants, caused the accident, so that it could be submitted to OSHA during its investigation. When Plaintiff Ford became aware and withdrew from the program, Defendants retaliated by reporting to his probation officer that he had violated program rules, placing his probation status in jeopardy.  This is a common theme amongst all of the probationer participants.

39.    Defendants fail to maintain accurate records of participants' time worked, compensation, and deductions, in violation of the FLSA and Texas law.

## VI. COLLECTIVE AND CLASS ALLEGATIONS

40.    Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of:

All former and current participants in Wiseman Ministries, Inc.'s recovery programs, including but not limited to Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Lighthouse, and Inspiration House, who, at any time within the three years preceding the filing of this Complaint, performed work for Defendants and were not paid lawful wages as required by the Fair Labor Standards Act, including minimum wages and/or overtime compensation for hours worked over forty (40) in a workweek.

41.    Plaintiff also seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

a.    Subclass A (Wages): All former and current participants in Wiseman Ministries, Inc.'s recovery programs during the applicable limitations period who performed work for Defendants and were not paid lawful wages under Texas law.

b.    Subclass B (SNAP): All former and current participants in Wiseman Ministries, Inc.'s recovery programs during the applicable limitations period who were required or coerced to surrender, pool, or otherwise relinquish their SNAP benefits or EBT cards for program use.

42.    Numerosity: The members of the collective and classes number in the dozens, if not hundreds, and joinder of all members is impracticable.

43.    Commonality: Common questions of law and fact exist as to all members of the collective and classes, including whether Defendants' uniform practices of failing to pay lawful

wages, failing to pay overtime, confiscating tips, and compelling SNAP pooling violate the FLSA and Texas law.

44.    Typicality: Plaintiff's claims are typical of the claims of the members of the collective and classes because all participants were subjected to the same or substantially similar organization-wide policies and procedures regardless of which Wiseman-controlled program or location they were involved in..

45.    Adequacy: Plaintiff will fairly and adequately protect the interests of the collective and class members. Plaintiff has retained competent and experienced counsel who will vigorously prosecute this action.

46.    Predominance: Questions of law and fact common to the class members predominate over any questions affecting only individual members.

47.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other things, the damages suffered by many class members are small compared to the expense and burden of individual litigation, and class treatment will promote efficiency and judicial economy.

48.    Plaintiff reserves the right to amend the collective and class definitions as discovery reveals additional policies, facilities, entities, or time periods.

## VII.    CLAIMS FOR RELIEF

**Count I – Violation of the Fair Labor Standards Act – Minimum Wage and Overtime (29 U.S.C. §§ 206, 207)**

49.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

50.    Plaintiff and the FLSA Collective are employees of Defendants within the meaning of the FLSA.

51.    Defendants have failed to pay Plaintiff and the FLSA Collective at least the federal minimum wage for all hours worked and have failed to pay overtime compensation at one and one-half times the regular rate for hours worked over forty (40) in a workweek.

52.    Defendants' violations are willful within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff and the FLSA Collective to three years of back pay, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 216(b).

**Count II – Violation of the Fair Labor Standards Act – Retaliation (29 U.S.C. § 215(a)(3))**

53.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

54.    Plaintiff and others engaged in protected activity under the FLSA by by refusing to endorse false reports, and by complaining or attempting to assert their rights regarding Defendants' unlawful pay practices and working conditions.

55.    In response, Defendants retaliate against participants by fabricating disciplinary reports and making false accusations to probation officers and pre-trial caseworkers, thereby triggering probation or bond violations and incarceration, and/or by expelling participants from programs.

56.    Defendants' retaliatory conduct violates 29 U.S.C. § 215(a)(3). Plaintiff and the FLSA Collective are entitled to legal and equitable relief, including reinstatement (where applicable), back pay, liquidated damages, and attorneys' fees and costs.

**Count III – Violation of the Texas Minimum Wage Act (Tex. Labor Code Ch. 62)**

57.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

58.    Defendants have failed to pay Plaintiff and Subclass A at least the minimum wage required by Texas law for all hours worked.

59.    Defendants' violations are knowing and intentional, entitling Plaintiff and Subclass A to unpaid wages, costs, and other relief available under Chapter 62.

**Count IV – Violation of the Texas Payday Law (Tex. Labor Code Ch. 61)**

60.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

61.    Defendants have failed to pay Plaintiff and Subclass A all earned wages in full and in a timely manner, including by conditioning redemption of earned credits on program completion, approving or restricting the use of "wages," and by making unlawful deductions or confiscations.

62.    These unlawful practices include the failure to pay lawful wages to participants assigned to work at the farm and wood-products mill of Isaiah 58 Farms, to drive and perform mechanical work for Wiseman Trucking, LLC, to work at Wiseman Shavings, as well Panel Truss and Good-Springs Wood Product, Inc., both operating wood-product mills in Henderson, Texas.

63.    These unlawful practices also include the failure to pay lawful wages to, and the confiscation of tips earned by, participants assigned to work at the Soapy King car wash in Henderson, Texas and assigned to staff the Gifts of Grace Resale Stores in Longview and Carthage, Texas.

64.    Defendants' conduct violates Chapter 61 of the Texas Labor Code, entitling Plaintiff and Subclass A to damages, costs, and attorneys' fees.

**Count V – Unjust Enrichment / Money Had and Received (Common Law)**

65.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

66.    Defendants received and retained the benefit of Plaintiff's and Subclass A members' labor without paying lawful wages.

14

67. It would be unjust to allow Defendants to retain the benefits of this labor without providing fair compensation.

## Count VI – Violation of the Texas Deceptive Trade Practices–Consumer Protection Act (Tex. Bus. & Com. Code §§ 17.46, 17.50)

68. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

69. Defendants engaged in false, misleading, or deceptive acts and practices, including misrepresenting the terms and benefits of the recovery programs, vocational or educational opportunities, and the handling of SNAP benefits.

70. These misrepresentations and omissions extend to participants placed at Isaiah 58 Farm, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Lighthouse, and Inspiration House, where participants are compelled to work at affiliated outlets under the same unlawful practices.

71. Plaintiff and Subclass B relied upon these misrepresentations and omissions to their detriment.

72. Defendants' conduct was knowing and intentional, entitling Plaintiff and Subclass B to actual damages, treble damages, costs, and attorneys' fees under Tex. Bus. & Com. Code § 17.50.

## Count VII – Conversion (Common Law)

73. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

74. Plaintiff and Subclass B had ownership interests in their SNAP benefits, and Plaintiff and Subclass A had ownership interests in their funds earned through their labor.

75. Defendants wrongfully exercised dominion and control over these benefits and funds, depriving Plaintiff and class members of their property.

15

76.    This wrongful conduct includes the confiscation of tips earned at the Soapy King car wash in Henderson, Texas, as well as the seizure of SNAP benefits at Isaiah 58 Farms, House of Disciples, Wiseman Life Recovery, Wiseman Life Recovery-Mission Carthage, Wiseman Lighthouse, and Inspiration House.

77.    Defendants' conduct constitutes conversion, entitling Plaintiff and class members to damages equal to the value of the property converted, plus exemplary damages where appropriate.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kent Ford, individually and on behalf of the FLSA Collective and the Rule 23 Classes, respectfully prays that this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

a.  Certify this action as a collective action under 29 U.S.C. § 216(b) and authorize issuance of notice to members of the FLSA Collective;

b.  Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for Subclass A (Wages) and Subclass B (SNAP), appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;

c.  Declare that Defendants have violated the FLSA, the Texas Minimum Wage Act, the Texas Payday Law, the Texas Deceptive Trade Practices Act, and Texas common law by the conduct alleged herein;

d.  Award Plaintiff, the FLSA Collective, and the Rule 23 Classes unpaid wages, unpaid overtime, and other damages sustained as a result of Defendants' unlawful conduct;

e.  Award liquidated damages under the FLSA, statutory penalties under Texas law, treble damages under the Texas Deceptive Trade Practices Act, and exemplary damages for conversion where appropriate;

f.  Award restitution and disgorgement of all ill-gotten gains wrongfully obtained by Defendants through their unlawful conduct;

g.  Award pre-judgment and post-judgment interest as allowed by law;

h.  Award reasonable attorneys' fees and costs incurred in prosecuting this action;

i.  Grant injunctive relief prohibiting Defendants from continuing to engage in unlawful wage practices, the confiscation of tips, and the compelled pooling of SNAP benefits, and requiring Defendants to comply with federal and state wage laws; and

j.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Josh B. Maness** (*Lead Counsel*)
State Bar No. 24046340
**MANESS LAW FIRM, PLLC**
480 W. Texas Avenue
Waskom, Texas 75692
Tel.: (903) 407-8455
Fax: (877) 320-5751
E-mail:  josh@joshmaness.com

And –

J. D. MCMULLEN
SBN:  24051694
The Texas Resolution, PLLC
P.O. Box 14
Longview, Texas 75606
Telephone: (903) 205-7177
E-mail: jdm@thetxr.com
COUNSEL FOR PLAINTIFF KENT FORD,
THE FLSA COLLECTIVE, AND THE RULE
23 CLASSES

17

## CERTIFICATE OF SERVICE

I do hereby certify that I filed the foregoing via CM/ECF, which will serve all counsel of record. Defendants not yet appearing will be served with summons and complaint under Fed. R. Civ. P. 4 on this 11th day of February 2026.

_____
**Josh B. Maness**

18